UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------- x

UNIQUE PETTWAY, KAWRON BISHOP

Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER EDWIN
ELIAS (SHIELD NO. 13969), POLICE OFFICER JUAN
CARLOS CRUZ (SHIELD NO. 03857), LIEUTENANT
SHAWN CHARLSON (SHIELD NO. 925065),
Defendants.

----------------------------------------------------------------------- x

**ECF CASE**

**COMPLAINT**

09 CV 5321

<u>Jury Trial Demanded</u>

## **PRELIMINARY STATEMENT**

1.      This is an action for money damages brought pursuant to the Civil Rights
Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in
violation of the Plaintiffs's rights under Fourth, Sixth, and Fourteenth amendments to the United
States Constitution and Article I, Section 12 of the New York State Constitution and of common
law of the State of New York.      The case arises from a September 4, 2009 incident in which
members of the New York City Police Department ("NYPD") subjected plaintiffs to false arrest,
excessive force, an illegal strip search and fabricated evidence.

## **JURISDICTION & VENUE**

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth,
and Fourteenth Amendments to the United States Constitution.   Jurisdiction is conferred upon
this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.       Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because
defendant City of New York is subject to personal jurisdiction in the Eastern District of New

York.  Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the incident occurred in Eastern District.

**PARTIES**

4.      Plaintiffs is a resident of the State of New York.

5.      The City of New York is a municipal corporation organized under the laws of the State of New York.

6.      Police Officer Edwin Elias, Juan Carlos Cruz and Lietenant Shawn Charlson, collectively the "officers"), are   members of the NYPD who were involved in the arrest of plaintiffs, and the events arising out of plaintiffs' arrest.   The Officers are liable for directly participating in the acts described herein and for failing to intervene to protect plaintiffs from the illegal conduct of their fellow officers and subordinates.

**STATEMENT OF FACTS**

7.      On September 4, 2009, at approximately 11:00 p.m. in the vicinity of 730 Gates Avenue, in Brooklyn, New York the "Officers arrested plaintiffs without cause and charged them with criminal possession of a controlled substance in the third and seventh degree.

8.       Subsequent to the seizure, the Officers subjected plaintiffs to excessive force by handcuffing plaintiffs unreasonably tightly causing marks on plaintiffs' wrists

9.      After being placed under arrest, Plaintiffs were placed in a police van and taken to the 81st Precinct.   Plaintiffs were later taken to Central Booking for further arrest processing and to await arraignment.

10.      During this period, an Officer or Officers met with an Assistant District Attorney and misrepresented that plaintiffs had sold and possessed drugs.

2

11.     On the evening of September 5, 2009, Plaintiffs were arraigned in Criminal Court, Kings County.  Bail was set and each plaintiff was sent to Rikers Island.

12.     On September 10, 2009 plaintiff Bishop was released from Rikers Island. All charges against Mr. Bishop were subsequently dismissed on motion of the District Attorney.

13.     On September 11, 2009 plaintiff Pettway testified before the Grand Jury. The Grand Jury dismissed all charges against Mr. Pettway and Mr. Pettway was released from Rikers Island,

14.     As a result of defendants' actions, plaintiffs experienced pain and physical injuries to his wrists, face, and body, emotional distress, fear, embarrassment, humiliation, discomfort, loss of liberty, loss of income, and damage to reputation.

## FEDERAL CLAIMS AGAINST OFFICER EDWIN ELIAS, JUAN CARLOS CRUZ AND SHAWN CHARLSON

15.     Plaintiffs repeats and realleges the allegations contained in ¶¶ 1-14 as if fully set forth herein.

16.     The conduct of the Officers as described herein, amounted to false arrest, excessive force, an illegal strip search and fabricated evidence.  This conduct violated plaintiffs's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

## PLAINTIFFS' STATE LAW CLAIM AGAINST EDWIN ELIAS, JUAN CARLOS CRUZ AND SHAWN CHARLSON

17.     Plaintiffs repeats and realleges the allegations contained in ¶¶ 1-16 as if fully set forth herein.

3

18. The conduct of the officers, as described herein, amounted to false arrest, excessive force, an illegal strip search, malicious prosecution, assault, battery, negligence and fabricated evidence in violation of the laws of the State of New York.

### FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

19. Plaintiffs repeats and realleges the allegations contained in ¶¶ 1-18 as if fully set forth herein.

20. The City of New York directly caused the constitutional violations suffered by plaintiffs.

21. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that its police and correction officers, including the individual defendants, are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor its officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against its officers.

22. The aforesaid conduct by the City of New York violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

4

WHEREFORE, plaintiffs demands a jury trial and the following relief jointly and severally against the defendants:

a.      Compensatory damages in an amount to be determined by a jury;

b.      Punitive damages in an amount to be determined by a jury;

c.      Costs, interest and attorney's fees;

d.      Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.


DATED:      June 21, 2010
            New York, New York


                        Christopher Wright
                        305 Broadway, 14th Floor
                        New York, New York 10007
                        (212) 822-1419

                        By:


                        /ss/

                        _____
                        CHRISTOPHER WRIGHT (CW-8079)

5